UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARREN CLEVELAND,

    Plaintiff,

    v.

AURORA LOAN SERVICES, LLC, et al.,

    Defendant.
_____/

No. C 11-0773 PJH

**ORDER DISMISSING FEDERAL CLAIMS AND REMANDING STATE LAW CLAIMS**

    Before the court are defendants' motions to dismiss the complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motions in part and DENIES them in part.

## BACKGROUND

    In December 2006, plaintiff Darren Cleveland borrowed $650,000, in the form of two loans, to purchase real property located in Oakland, California. The loans were secured by recorded Deeds of Trust.

    In 2008, plaintiff started to suffer loss of income in his business. He defaulted on the loans and a notice of default was recorded on February 21, 2008. In 2008, plaintiff requested, and defendant Aurora Loan Services, LLC ("Aurora") approved him for, a loan modification. This loan modification was recorded on April 7, 2009. Plaintiff again defaulted on the loan.

Aurora and plaintiff entered into a series of loan forbearance agreements, in July 2009, October 2009, and August 2010.  The loan forbearance agreements specifically stated that plaintiff was not being promised a loan modification, that the reduced payments that Aurora was agreeing to accept were not sufficient to cure the arrearage, and that the foreclosure would proceed if no modification was ultimately approved and if plaintiff did not cure the default.

The forbearance period on the third agreement expired on October 19, 2010.  First American filed a Notice of Default and Election to Sell on October 23, 2009.  The defaults were not cured, and First American recorded a Notice of Trustee's Sale on May 11, 2010.  The sale has since been continued from time to time.  Plaintiff's final application for a loan modification was denied on November 30, 2010.  A foreclosure sale was again scheduled, for January 18, 2011.  On January 11, 2011, plaintiff filed the present action in the Superior Court of California, County of Alameda, against Aurora and First American.

The complaint alleges 11 causes of action – (1) a claim for declaratory relief, seeking a declaration as to whether plaintiff qualifies for a loan modification under the federal Home Affordability Modification Program ("HAMP"); (2) a claim of violation of the "Security First" rule, Cal. Civ. P. Code § 726; (3) a claim of breach of oral contract; (4) a claim of breach of forbearance agreements; (5) a claim of breach of written contract; (6) a claim of promissory estoppel; (7) a claim of negligence; (8) a claim of negligent misrepresentation; (9) a claim of fraud; (10) a claim of unfair competition (fraudulent business practices), Cal. Bus. & Prof. Code § 17200; and (11) a claim of wrongful foreclosure, Cal. Civ. Code §§ 2923.5, 2923.6, and 2923.52.  All ten causes of action are asserted against Aurora, and the first (declaratory relief), tenth (§ 17200), and eleventh also appear to be asserted against First American.

Defendants filed a notice of removal on February 18, 2011, alleging federal question jurisdiction (based on the asserted HAMP violations).  Defendants now seek an order dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.

**DISCUSSION**

A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94.  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949-50 (2009).  A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See Twombly, 550 U.S. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. __, 129 S.Ct. at 1950.

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  The court may, however, consider a matter that is

1  properly the subject of judicial notice, such as matters of public record.  Id. at 689; see also
2  Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).
3  Additionally, the court may consider exhibits attached to the complaint, see Hal Roach
4  Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and
5  documents referenced by the complaint and accepted by all parties as authentic.  See Van
6  Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

B.    Defendants' Motions

Aurora argues that the first cause of action for declaratory relief fails because there is no private right of action under HAMP, and no right to sue for failure to approve a loan modification.  Aurora also asserts that the third cause of action for breach of contract fails because (among other things) it is a variant of the claim that Aurora violated HAMP.  Similarly, Aurora asserts that the fifth cause of action for breach of written agreement and the sixth cause of action for promissory estoppel both fail because they provide another variation of the HAMP claim.  Aurora contends that plaintiff has no standing to pursue a claim of "violation" of HAMP, or breach of contract pursuant to HAMP.  Finally, Aurora seeks dismissal of the § 17200 claim on various grounds, and states that it will not repeat those already asserted (presumably referring to the HAMP claim argument).

HAMP was created by Congress as part of the Troubled Assets Relief Program, under the authority of the Emergency Economic Stabilization Act of 2008, Pub. L. 110-343.  Pursuant to this program, mortgage loan servicers enter into Servicer Participation Agreements ("SPAs") with Fannie May, acting as the financial agent for the United States.  The servicer's obligations are set forth in the SPA, as well as in Program Guidelines established by the Department of the Treasury.  See Villa v. Wells Fargo Bank, N.A., 2010 WL 935680 at *1 (S.D. Cal., Mar. 15, 2010); see also Escobedo v. Countrywide Home Loans, Inc., 2009 WL 4981618, *1 (S.D. Cal. 2009).  Participating servicers are required to consider all loans eligible under the program; however, they are not required to modify mortgages.  See Escobedo, 2009 WL 4981618 at *2; see also Hoffman v. Bank of America, N.A., 2010 WL 2635773 at *4 (N.D. Cal., June 30, 2010); Marks v. Bank of America, 2010

4

WL 2572988 at *3 (D.Ariz., June 22, 2010). The HAMP program itself is not codified as a public law.

Both the "General Allegations" pled in the present complaint, and a number of the causes of action asserted, include allegations of violations of HAMP. In their notice of removal, filed on February 18, 2011, defendants asserted federal question jurisdiction, contending that the case "arises under the laws of the following federal program . . . the Home Affordability Modification Program . . . a program created by the U.S. Treasury Department."

In the "General Allegations" section, plaintiff describes the creation of HAMP by the U.S. Congress, and provides details of some of the HAMP "guidelines." Cplt. ¶¶ 17-20. Plaintiff asserts that after receiving $28,875.34 during an "alleged good faith 'reviewing for a modification,'" Aurora "denied to offer [plaintiff] a permanent modification, even though [p]laintiff was eligible." Id. ¶ 20.

In the first cause of action for declaratory relief, plaintiff seeks "a declaration as to whether he qualifies for a HAMP guidelines payment, as originally offered." Id. ¶ 27. In the third cause of action for breach of contract, plaintiff alleges that "Aurora violated HAMP guidelines by asking for a 'initial contribution payment' in order to continue a HAMP review." Id. ¶ 36.

In the fifth cause of action for breach of written contract, plaintiff asserts that "Aurora entered into [an SPA] with Fannie Mae as amended on August 24, 2010, in which Aurora agreed to apply the Treasury's HAMP criteria to all the loans they service," and that "[p]ursuant to [the] SPA and HAMP, Aurora agreed to suspend all foreclosure proceedings until the HAMP analysis was completed for all homeowners . . . who meet HAMP criteria and passed the NVP test," and also "agreed to offer HAMP trial plans at a payment level of approximately 31% of home debt to all borrowers . . . who meet HAMP criteria and passed the NVP test." Id. ¶¶ 44-46. Plaintiff asserts further that Aurora "breached the SPA agreement with the Federal government, of which [p]laintiff is a third party beneficiary, by not offering [p]laintiff a HAMP permanent loan modification at the end of the 3 different trial

plan periods." Id. ¶ 47. Plaintiff claims that he "did indeed meet the HAMP criteria and passed the NPV test." Id.

In the sixth cause of action for promissory estoppel, plaintiff alleges that "pursuant to the SPA and HAMP, Aurora promised to suspend all pending foreclosure proceedings until the HAMP analysis has been completed for all homeowners, including [p]laintiff," and that "[p]laintiff is a third party beneficiary of this agreement." Id. ¶ 52. Plaintiff asserts further that "[p]ursuant to the SPA and the HAMP, Aurora promised to offer a trial plan at a payment level of 31 percent of income to all borrowers . . . who meet the HAMP criteria;" but Auruora "breached the SPA agreement with the Federal government, of which [p]laintiff is a third party beneficiary." Id. ¶¶ 53-54.

Finally, in the tenth cause of action for violation of § 17200, plaintiff asserts that "defendants engage [sic] in deceptive business practices with respect to mortgage servicing, assignments of notes and deeds of trust, foreclosure of residential property and related matters by, among other things . . . [f]ailing to comply with the HAMP guidelines, id. ¶ 76(n), and "[i]nsisting upon an unlawful 'initial contribution' ($40,000) for a HAMP review," id. ¶ 76(p).

Numerous district courts within the Ninth Circuit have ruled that there is no express or implied private right of action to sue lenders or loan servicers for violation of HAMP. See, e.g., Manabat v. Sierra Pac. Mortg. Co., 2010 WL 2574161 at *11 (E.D. Cal., June 25, 2010) (dismissing plaintiff's wrongful foreclosure claim because there is no private right of action for HAMP violations against lenders that receive HAMP funds); Simon v. Bank of Am., N.A., 2010 WL 2609436 at *7 (D. Nev., June 23, 2010) ("[C]ourts have consistently held that [HAMP] does not provide borrowers with a private cause of action against lenders for failing to consider their application for loan modification, or even to modify an eligible loan."); Marks, 2010 WL 2572988 at *5-7 ("By designating compliance authority to one entity, Freddy Mac, Congress intended that a private cause of action was not permitted"); see also Phipps v. Wells Fargo Bank, N.A., 2011 WL 302803 at *9 (E.D. Cal., Jan. 27, 2011); Inman v. Suntrust Mortgage, Inc., 2010 WL 3516309 at *2 (E.D. Cal., Sept. 3, 2010);

6

Wright v. Bank of America, N.A., 2010 WL 2889117 at *5 (N.D. Cal., Jul. 22, 2010).

In addition, numerous courts have determined that individual borrowers do not have standing to sue under a HAMP SPA because they are not intended third-party beneficiaries of the SPA. See Morales v. Chase Home Finance LLC, 2011 WL 1670045 at *9 (N.D. Cal., Apr. 11, 2011). In Hoffman, the court determined that borrower was "an incidental and not an intended beneficiary to the HAMP servicer's agreement." 2010 WL 2635773 at *4 (citing Klamath v. Patterson, 204 F.3d 1206 (9th Cir. 1999) and distinguishing County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237 (9th Cir. 2009)). The court recognized that the weight of authority holds that a borrower does not have enforceable rights under the HAMP SPA, see id., 2010 WL 2635773 at *3-4, and this court finds, based on the Hoffman court's reasoning, that plaintiff does not have standing to sue under the SPA. See also Orcilla v. Bank of America, N.A., 2010 WL 5211507 at *3 (N.D. Cal., Dec.16, 2010); Wright, 2010 WL 2889117 at *3-5; Marks, 2010 WL 2572988 at *3-4; Zandejas v. GMAC Wholesale Mortg. Corp., 2010 WL 2629899 at *3 (E.D. Cal., June 29, 2010); Benito v. Indymac Mortgage Serv., 2010 WL 2130648 at *7 (D. Nev., May 21, 2010).

Since plaintiff has no right of action under HAMP to challenge the denial of his request for loan modification, the court would have no basis upon which to make a judicial determination of plaintiff's "rights, obligations, and duties, and a declaration as to whether he qualifies for a HAMP guideline payment, as originally offered," which is what plaintiff seeks in the cause of action for declaratory relief. Similarly, plaintiff has no standing to assert a claim of breach of contract or promissory estoppel based on alleged HAMP violations, as he is not (contrary to what he alleges) a third-party beneficiary of any HAMP contract between a servicer or lender and the government. Finally, the alleged HAMP violations are not actionable, and thus cannot be used to support a claim under § 17200.

Plaintiff's claims of HAMP violations provide the sole basis for federal question jurisdiction. While federal courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution," a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(a), (c).

Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).  "In the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims."  Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) (citations and quotations omitted).  Here, the court declines to exercise its supplemental jurisdiction, and will remand the action to the state court on its own motion.

## CONCLUSION

In accordance with the foregoing, the motions are GRANTED in part and DENIED in part.  The first cause of action for declaratory relief, the third cause of action for breach of contract, the fifth cause of action for breach of written contract, the sixth cause of action for promissory estoppel, and the tenth cause of action for deceptive business practices in violation of Business & Professions Code § 17200 are DISMISSED to the extent that they are premised upon claims of alleged HAMP violations or breach of an SPA between either defendant and the federal government.

The court does not address the motions as to the purely state-law claims.  Any remaining claims are hereby REMANDED to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated:  May 24, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

8